**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**DEMETRIUS HENSON,**

       **Petitioner,**

**v.**                                     **Civil Action No. 5:17cv145**
                                                  **(Judge Stamp)**

**S. KALLIS, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On September 15, 2017, the *pro se* Petitioner, Demetrius Henson, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 5. On November 2, 2017, the undersigned Magistrate Judge made a preliminary review of this matter and determined that summary dismissal was not appropriate. Accordingly, the Respondent was directed to file a response. ECF No. 6. On November 28, 2017, the Respondent filed a Response which included a Motion to Transfer the case to the United States District Court for the Northern District of Ohio, where the Petitioner was convicted and sentenced. In support of the Response, the Respondent noted that Fourth Circuit precedent precluded the Petitioner from challenging his sentence in a § 2241 petition, while the Sixth Circuit permitted such a challenge. ECF No. 10. By Order dated November 30, 2017, the Petitioner was directed to notify the Court whether he joined in the Respondent's Motion

to Transfer. ECF No. 11. On December 13, 2017, the Petitioner notified the Court that he objected to the Respondent's motion and did not wish to have his case transferred. ECF No. 14. For the reasons outlined below, the undersigned now issues this Report and Recommendation without requesting a substantive response from the Respondent.

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

On April 3, 2013, a two count indictment was returned in the Northern District of Ohio charging the Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and being a fugitive from justice in possession of a firearm in violation of 18 U.S.C. § 922(g)(2). ECF No. 1. The Petitioner entered a guilty plea on June 19, 2013. Prior to the Petitioner's sentencing hearing, the US Probation Office prepared a presentence investigation report ("PSR"), which identified two prior convictions as qualifying crimes of violence under § 2k2.1: a California conviction for attempted robbery and a federal bank robbery conviction. Inclusion of both prior convictions increased the Petitioner's base offense level from 14 to 24. Without using the prior conviction for attempted robbery, the Petitioner's base offense level would have been 20 under § 2K2.1(A)(4). As a result of its inclusion, and with a criminal history category V, the Petitioner's guideline range increased from 63 to 78 months to 70 to 87 months of incarceration after a three-level reduction for acceptance of responsibility. ECF No. 18 at 4-5. On November 4, 2013, the District Court sentenced

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:13cr181 in the United States District Court for the Northern District of Ohio, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

the Petitioner to 70 months imprisonment on each count and ordered that the counts be served concurrent to one another, and current to the sentence the Petitioner was currently serving in the Northern District of California under docket number CR08-469SJO-1. ECF No. 13.

**B.  Appeal**

No appeal was taken.

**C.  Motion to Vacate**

On June 24, 2016, the Petitioner, by counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 18.  In his motion, the Petitioner relied on the  Supreme Court decision in Johnson v. United States, 135 S.Ct. 2551  (2015). More specifically, he argued that his prior attempted robbery conviction no longer constituted a predicate offense under the Section 2K2.1 Guideline's residual clause because the shared language between the ACCA's "violent felony" language in the residual clause and the Guidelines was held to be unconstitutionally vague in Johnson. Accordingly, the Petitioner asked the sentencing court to apply Johnson's holding retroactively on collateral attack to the US sentencing guidelines. The United States filed a response in opposition on August 9, 2016, which discussed the merits of the Petitioner's claims. ECF No. 22. In addition, the United States filed a motion to hold the case in abeyance pending the resolution of Beckles v. United States. ECF No. 24. On March 6, 2017, the Supreme Court announced its decision in Beckles, 137 S.Ct. 886 (2017), and held that the advisory Federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. On March 27, 2017, the Petitioner, by counsel, moved to voluntarily dismiss his Section 2255 motion. ECF No.

27. On April 4, 2017, the United States responded and asked that the Court to either rule on the merits of the Petitioner's § 2255 motion, or in the alternative, if the Court granted his motion to voluntarily dismiss, to specify that the pending motion would count as his first or initial 28 U.S.C. § 2255 motion. ECF No. 28. It does not appear that the Northern District of Ohio has entered an order regarding either the Section 2255 motion, or the Petitioner's motion to voluntarily dismiss said motion.

### D.  Instant § 2241 Petition

The Petitioner alleges that his 1999 California conviction for attempted robbery is no longer a felony, but instead is a misdemeanor and cannot be used to enhance his sentence. ECF No. 1 at 8.The Petition cites to Descamps v. United States, 133 S.Ct. 2276 ( 2013) and argues that if there are multiple ways to commit the offense and ambiguity as to which statutory subsection formed the defendant's conviction, Courts employ a modified categorical approach to effectuate the categorical analysis. The Petitioner then maintains that under the categorical approach, Robbery under California Penal Code § 211 does not constitute a crime of violence under the guidelines, and he is entitled to relief. ECF No. 1-1 at 2. In addition, the Petitioner invokes Mathis v. United States, 136 S.Ct. 2243 (2016). For relief, the Petitioner asks this court to "[i]ssue me time served or take time off of my probation. Vacate or modify my sentence." ECF No. 1 at 8.

## III. Legal Standard

### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

4

for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.

### C.      Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719

---

[3]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

F.3d 583, 588 (7th Cir. 2013)).  In <u>Wheeler</u>, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and <u>Jones</u> is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, <u>supra</u>, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

## IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition.   The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP.  Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Northern District of Ohio.  Such claims are properly contested

either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[4]

Although the Petitioner does not address the savings clause, it is clear that he is not entitled to its application.   The Petitioner is not challenging his conviction and therefore, the Jones test is not applicable.   Instead, because the Petitioner is challenging his sentence, the Court must review the petition under the four-part Wheeler test.   As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.   However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.   Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner argues that he is entitled to relief under Mathis and Descamps and maintains that under the categorical approach, Robbery under California Penal Code § 221 does not constitute a crime of violence under the guidelines. However, the Petitioner's reliance on these two cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases

---

[4]   The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which may be required depending on the ultimate order of the Northern District of Ohio on his pending § 2255 motion.

holding <u>Mathis</u> is non-retroactive). Accordingly, the Petitioner cannot meet the second prong of <u>Wheeler</u>.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because the Petitioner cannot meet the savings clause of § 2255 under the <u>Wheeler</u> test, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 9, 2018.

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE