IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEMETRIUS HENSON,

    Petitioner,

v.                                    Civil Action No. 5:17CV145
                                                                     (STAMP)

S. KALLIS, Warden,

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I. <u>Procedural History</u>

The <u>pro se</u>[1] petitioner, Demetrius Henson, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

The magistrate judge filed a report and recommendation recommending that this matter be dismissed without prejudice. ECF No. 15 at 10. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

## II. Facts

The pro se petitioner is currently incarcerated at FCI Hazelton, where he is serving a sentence imposed by the United States District Court for the Northern District of Ohio. ECF No. 1 at 1-2. The petitioner filed a petition under § 2241, in which he alleges that his 1999 California conviction for attempted robbery is no longer a felony, and cannot be used to enhance his sentence. Id. at 5. The petitioner cites Descamps v. United States, 133 S. Ct. 276, 2281 (2013), arguing that "[i]f there are multiple ways to commit [an] offense and ambiguity as to which statutory subsection formed the defendant's conviction, [c]ourts employ a modified categorical approach to effectuate the categorical analysis." ECF No. 1-1 at 2. The petitioner states that the 1999 robbery statute he was convicted of "punishes conduct other than that which requires violent physical force capable of causing physical harm to a person and falls short meeting the type of force necessary for a prior conviction of qualify as a crime of violence." Id. at 3. In the attached memorandum of law in support of his petition, the petitioner asserts that Mathis v. United States, 136 S. Ct. 2243 (2016), "has set a statutory interpretation that the principles apply to the statute of the states." Id. at 4. Specifically, the petitioner requests that the Court modify his sentence to time served or take time off his probation. ECF No. 1 at 8.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

In his report and recommendation, the magistrate judge finds that the petition is not an attack on, nor are its claims in any way related to, the execution of the petitioner's sentence. Id. at 8-9. Rather, the petitioner is complaining of the validity of his sentence. Id. at 8. Thus, the petition cannot proceed under § 2241, which allows a prisoner to attack the manner in which his sentence is executed. Id. at 6. The magistrate judge notes that while the terms of 28 U.S.C. § 2255 expressly prohibits prisoners from challenging their convictions and sentences under § 2241, under 28 U.S.C. § 2255(e), a "savings clause" allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the

legality of his detention." Id. However, the magistrate judge found that petitioner fails to meet the factors under both In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which set out the standard for when § 2255 is deemed "inadequate and ineffective" to test the legality of a conviction. Id. at 7-10. The magistrate judge recommends that the petitioner's petition be denied and dismissed without prejudice. Id. at 10. This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 15) is hereby AFFIRMED and ADOPTED in its entirety.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 19, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE